## CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Tyrone Alphonso Wilson

August 29, 2002

Case Nos. (Criminal) CR02000742 & CR02001213

By Judge Marc Jacobson

This matter comes before the Court on a Motion to Suppress filed by and on behalf of Tyrone Alphonso Wilson, the Defendant, seeking to suppress as evidence "a quantity of alleged cocaine found in a certain van motor vehicle registered to one Jevon Johnson," "a certain quantity of alleged cocaine found in an apartment located at 320 San Antonio Avenue, Norfolk, Virginia, on December 5, 2001," and "a certain handgun found in the above apartment and another certain handgun alleged to have been found on the person of the Defendant." Counsel for Defendant has acknowledged that, in essence, the only issue in dispute and to be determined related to the evidence found in the van registered to Jevon Johnson, a 1995 Ford Econo Line van to which Defendant had keys on his person at the time the search warrant was executed.

As the result of information from confidential informant(s), members of the Norfolk Police Department Vice and Narcotics Section sought and obtained a search warrant for premises known as 324 San Antonio Boulevard, Apartment B, Norfolk, Virginia (residence), which search warrant was executed on or about December 5, 2001. Upon entry into the residence

approximately forty-seven grams of cocaine were found on the living room floor in plain view and also found were three weapons, digital scales, packaging material, a video camera and monitor, and numerous baggies of marijuana, which marijuana was packaged for sale on the kitchen counter.

One of the police officers serving and executing the warrant on the apartment was K-9 Officer Investigator Maurice Joseph, who was accompanied by his dog, Ace. Ace is trained as a narcotics search dog and, at the suppression hearing, Joseph was qualified as an expert in the field of narcotics detector dog training and handling and as an expert in the interpretation of narcotic detector dog responses. There was no objection to Ace having been qualified as a reliable narcotic detector dog, trained in the field of narcotic detection. When Ace passed by the van he "alerted" or "locked on" to the van independently and without having received any commands from Joseph. "Locked on" is a phrase or term used when a narcotic detector dog such as Ace quits breathing or his breathing is significantly changed in response to a command to sniff at or upon an area for narcotics. When a narcotic detector dog such as Ace "locks on," it means that the dog has detected narcotics or what the dog perceives to be narcotics. After Ace "locked on" to the van, Ace was then given the command to begin to sniff for the presence or location of narcotics. Ace alerted on the van's double doors, signaling to Joseph the presence of narcotics in the area. When the police opened the doors, Ace began scratching at the doors and floorboard near the doors and a search of the doors revealed a hidden compartment inside the door panel, containing nearly three kilograms of cocaine.

When Joseph approached the van, his actions did not constitute a search. The van was parked in the duplex's driveway, within the building's curtilage. However, it was visible from the public street. "[W]here private lands are exposed to observation by members of the public who may legitimately come onto the property, a citizen does not reasonably have an expectation of privacy in areas that the passing public can observe." *Shaver v. Commonwealth*, 30 Va. App. 789, 795, 520 S.E.2d 393, 396 (1999) (citing *Katz v. United States*, 389 U.S. 347, 351 (1967)) (holding that defendants had no privacy interest in an ATV parked next to their front porch and that police could enter the property without a warrant to closely observe the vehicle). In this instance, the police could approach and observe the vehicle without implicating the Fourth Amendment.

Moreover, Ace's alert on the van did not constitute a search. The use of a trained canine to detect narcotics does not constitute a search for Fourth

Amendment purposes. *Alvarez v. Commonwealth*, 24 Va. App. 768, 775, 485 S.E.2d 646, 649-50 (1997). When Ace walked by the van and alerted on to the van, a search did not take place for Fourth Amendment purposes. The Fourth Amendment is not implicated when a search occurs when a drug dog alerts on to the presence of narcotics or what the dog perceives to be narcotics. In the case of *Brown v. Commonwealth*, 15 Va. App. 1, 421 S.E.2d 877 (1992), the Virginia Court of Appeals stated that there is nothing in the Fourth Amendment that prohibits law enforcement officers from using trained canines to augment sensory facilities bestowed upon an officer at birth.

The police did not need either a search warrant or an exception to the search warrant requirement to use Ace as was done in the instant case.

The search began when police officers opened the van doors. The police officers did not have a search warrant for the van and, while the Fourth Amendment generally requires police to obtain a warrant before a valid search, *McCary v. Commonwealth*, 228 Va. 219, 227, 321 S.E.2d 637, 641 (1984) ("Searches conducted without prior judicial approval are per se unreasonable under the Fourth Amendment."), there are recognized exceptions to the warrant requirement. *Alvarez* at 773, 485 S.E.2d at 648-49 (citing *Carroll v. United States*, 267 U.S. 132, 153 (1925)); *McCary* at 227, 321 S.E.2d at 641. "Under the well-established automobile exception to the warrant requirement, an automobile may be searched without a warrant where there are both probable cause to believe that the car contains evidence of crime and exigent circumstances." *McCary* at 227, 321 S.E.2d at 641.

The police officers had probable cause to believe that the van contained narcotics. Although a search dog's alert is not a search, it can provide probable cause. *Alvarez* at 775, 485 S.E.2d at 649-50. When Ace alerted on the van doors, the police had probable cause to believe that they contained contraband.

While the Commonwealth quotes a recent circuit court opinion for the proposition that if the police have probable cause to search, no exigent circumstances are required. Mem. in Opp'n to Def's. Mot. to Suppress at 4 (citing *Commonwealth v. Wilkins*, 52 Va. Cir. 500 (2000)), it would appear that a showing of exigency may still be required under Virginia law, but the Courts have been liberal in their definition of exigent circumstances. *Commonwealth v. Douglas*, 1998 Va. App. LEXIS 424, *3-4 (Va. App. 1998); *Coles v. Commonwealth*, 1996 Va. App. LEXIS 209, *5 (Va. App. 1996) ("The Virginia Supreme Court has held that exigent circumstances exist even when the police secure a vehicle on private property and the vehicle is inoperative." (quoting *Patty v. Commonwealth*, 218 Va. 150, 156-57, 235 S.E.2d 437, 441 (1977)).

In the instant case, the van was parked in the apartment driveway. There is no evidence that the driveway was inaccessible to the public. Moreover, there is no evidence that the van was inoperative. Therefore, it was easily accessible and mobile. Although the police had arrested Defendant and taken his keys to the van which were actually on his person, it was possible that others had keys and could have used them to move the van or destroy the evidence before a search warrant could be obtained. *Thims v. Commonwealth*, 218 Va. 85, 91, 235 S.E.2d 443, 446 (1977). As in Douglas, "[b]ecause defendant's car was readily mobile, the 'exigent circumstances' prong of the automobile exception was satisfied, regardless of whether the police had ample time to obtain a search warrant." *Douglas* at *4.

Defendant did not have a privacy interest in the apartment and acknowledged that he has no standing to contest the search of the apartment.

For the reasons set forth above, the Court denies the motion to suppress as to the search of the van.